UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Richard Bell,

Petitioner,

vs. REPORT AND RECOMMENDATION

Unknown Officer of the United States Parole Commission, Constance C. Reese, sued as C. Reese, Warden,

Respondents. Civ. No. 00-289(RHK/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of April, 2000.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petitioner's Emergency Motion for Temporary Injunctive Relief. The Petitioner appears pro se, and the Respondents appear by Paul A. Murphy, Assistant United States Attorney. For reasons which follow, we recommend that the Petitioner's Emergency Motion for Temporary Injunctive Relief be denied.

APR 21 2000

## II. Factual and Procedural Background

The Petitioner is a Federal prisoner who is currently incarcerated at the Federal Medical Center, located in Rochester, Minnesota ("FMC-Rochester"). This action was commenced on February 7, 2000, with the filing of a Petition of Habeas Corpus, pursuant to 28 U.S.C. §2241. On March 3, 2000, after performing an initial review of the Petitioner's claims, we issued an Order, which directed the Respondents to show cause, within a period of 20 days thereafter, why the Petition should not be granted. [Docket No. 4]. After granting the Respondents' Motion for an extension of time in which to file their Response, the Respondents filed their responsive papers on April 5, 2000. [Docket No. 10]. Thereafter, on April 14, 2000, the Petitioner filed his Emergency Motion for Temporary Injunctive Relief, in which he requests that we enjoin his transfer from FMC-Rochester to "another federal medical center." Motion, at 1.

This Motion was prompted when, on April 10, 2000, the Petitioner "was informed by his Unit team at the Medical Center that steps were underway to transfer [him] out of Rochester FMC * * *." Id. As a result, the Plaintiff contends that he will suffer irreparable harm, in the form of a transfer which, in his view, will divest this Court of jurisdiction over his Petition, thereby necessitating his having to "reinitiate habeas corpus proceedings in

some other, indeterminate loca[]tion thus prolonging Petitioner's period of unlawful incarceration." Id. at 2.

The Respondents have submitted a Response to the Petitioner's Motion. In it, they relate that, originally, the Petitioner had initiated discussions with his case manager, Jeff Schmidt ("Schmidt"), regarding a possible transfer to the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP"), in order to be closer to his family. Declaration of Jeff Schmidt ¶ 2. On March 27, 2000, the Petitioner's treating physician prepared a transfer summary which reported that the Petitioner required no further medical evaluation at FMC-Rochester, and which noted that the Petitioner wanted to be transferred to MCFP. Id. ¶ 3. On March 31, 2000, Schmidt prepared a transfer referral form to the Warden, which requested that the Petitioner be transferred to MCFP. Id. ¶ 4. The Warden approved the request and submitted the request to the Bureau of Prison's Office of Medical Designations and Transportation ("BOP"). Id., Ex. A.

The Respondents report that, on April 10, 2000, the Petitioner informed Schmidt that he had changed his mind, and that he no longer wanted to be transferred to MCFP. Id. ¶ 4. On April 12, 2000, the Warden at FMC-Rochester was informed by the BOP that the Petitioner's request had been denied, because of population pressures at MCFP. Id. ¶ 5, Ex. B. Thus, the Respondents contend that

the Petitioner is no longer being considered for transfer to another correctional facility, rendering his Motion for Temporary Injunctive Relief moot. In so arguing, the Respondents have cited Powell v. McCormack, 395 U.S. 486, 496097 (1969), and Beverly California Corp. v. Shalala, 78 F.3d 403, 407 (8th Cir. 1996), for the proposition that "[a] case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Beverly California Corp. v. Shalala, supra.

## III. Discussion

The Respondents' are correct that, provided the Petitioner's request for transfer has been denied by the BOP, and that he is no longer a prospect for transfer to another correctional facility, the gravamen of the Petitioner's Motion has been rendered moot. See, Powell v. McCormack, supra; Beverly California Corp. v. Shalala, supra. Here there is no live "case or controversy" that can be resolved by the Court's intercession, and we are thus constitutionally precluded from addressing the matter further. Sibron v. New York, 392 U.S. 40, 57 (1968). However, because the exact factual predicate for the Plaintiff's asserted right to injunctive relief is unclear on the face of his Motion and, in the event that he relies upon some other basis than that addressed in the Respon-

dents' responsive papers, for his right to injunctive relief, we proceed to consider the merits of his claim.

Assuming that the Petitioner is able to show that a live controversy remains between he and the Respondents, we recommend the rejection of his request for injunctive relief as being unavailable under the facts, and prevailing authorities, as applicable here. Of course, "[i]n deciding a preliminary injunction motion, the district court weighs: (1) the threat of irreparable harm to the moving party; (2) the movant's likelihood of success on the merits; (3) the balance between the harm to the movant if the injunction is denied and the harm to other parties if the injunction is granted; and (4) the public interest." Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999); Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981)(en banc); Bloom v. O'Brien, 841 F. Supp. 244, 279 (D. Minn. 1993)("[T]he plaintiff bears the burden of proof concerning the four factors"). "These factors are not a rigid formula." Bandag, Inc. v. Jack's Tire & Oil, Inc., supra at 926. However, "'[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" Id., quoting Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959). Thus, to warrant a Temporary Injunction, the moving party must demonstrate a sufficient threat of irreparable harm. See, Adam-

Mellang v. Apartment Search, Inc., 96 F.3d 297, 299 (8th Cir. 1996).

As we have noted, the essence of the Petitioner's claim of irreparable harm is that his transfer to another correctional facility would divest this Court of jurisdiction over his Petition, and would necessitate his having to reinitiate a similar proceeding in the District to which he is transferred. See, 28 U.S.C. §2241(d)("the application may be filed in the district court for the district wherein such person is in custody * * *."). Notwithstanding the Petitioner's claim of irreparable harm, which would potentially result from his transfer to a Federal correctional facility outside of this District, the law is clear that this Court would, nonetheless, maintain its jurisdiction over his Petition. This is true, because "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." Santillanes v. United States Parole Commission, 754 F.2d 887, 888 (10th Cir. 1985); accord, Ex Parte Endo, 323 U.S. 283, 305-06 (1944); Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981)(per curiam); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990); Chatman-Bey v. Thornburgh, 864 F.2d 804, 806 (D.C. Cir. 1988); McCoy v. United States Board of Parole, 537 F.2d 962, 966 (8th Cir. 1976); Harris v.

Ciccone, 417 F.2d 479, 480 (8th Cir. 1969), cert. denied, 397 U.S. 1078 (1969); Wright v. Lacy, 664 F. Supp. 1270, 1271 n. 1 (D. Minn. 1987).

At the time of the filing of this action, the Petitioner was incarcerated at FMC-Rochester, thus conferring jurisdiction upon this Court to hear his Section 2241 Petition. Given the general rule, that Habeas jurisdiction continues to lie in the District in which the prisoner was incarcerated at the time the Habeas Petition was filed, the Petitioner has alleged no harm, let alone an irreparable harm, that would be occasioned by his possible transfer to another correctional facility. Accordingly, we recommend that the Petitioner's Emergency Motion for Injunctive Relief be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Emergency Motion for Injunctive Relief [Docket No. 12] be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to

this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 8, 2000,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 8, 2000,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.